**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CRAIG FRANCIS SZEMPLE, | Civil Action No. 13-1058(PGS) |
| Plaintiff, |  |
| v. | **O P I N I O N  A N D  O R D E R** |
| CORRECTIONAL MEDICAL SERVICE, et al., |  |
| Defendants. |  |

Plaintiff, a prisoner currently confined at the Northern State Prison in Newark, New Jersey, submitted a civil Complaint pursuant to 42 U.S.C. § 1983, and an incomplete application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995, enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." 28 U.S.C. § 1915(g); see also Keener v. Pennsylvania Board of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that frivolousness dismissals prior to enactment of PLRA count as "strikes" under § 1915(g)). A

prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury." Id.  When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

The Court has determined that while incarcerated, Plaintiff has had three prior civil actions or appeals dismissed as frivolous or for failure to state a claim.  See, e.g., Szemple v. McGhee, Civ. No. 94-3377 (MLC) (dismissed as frivolous); Szemple v. McGhee, et al., Civ. No. 94-3378 (MLC) (dismissed as frivolous); and Szemple v. Talbot, et al., Civ. No. 04-5338 (MLC) (dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A).

Based on the foregoing,

It is on this 18TH day of MARCH, 2013,

ORDERED that, pursuant to 28 U.S.C. § 1915, Plaintiff's application to file the Complaint in forma pauperis is hereby denied; it is further

ORDERED that the Clerk of the Court shall administratively terminate and close this case; and it is further

ORDERED that if Plaintiff wishes to have his case reopened,

he must (1) file a motion to reopen this matter within 30 days, along with a writing with the Court alleging the reasons why he is in "imminent danger of serious physical injury;" and a complete application to proceed in forma pauperis, including his six-month certified prison account statement, or (2) a motion to reopen this matter within 30 days, along with the $350.00 filing fee.

                                          *s/Peter G. Sheridan*
                                          PETER G. SHERIDAN, U.S.D.J.