**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CRAIG FRANCIS SZEMPLE, | : | |
| | : | Civil Action No. 13-1058 (PGS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM** |
| | : | |
| CORR. MED. SERV. INC., et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

**CRAIG FRANCIS SZEMPLE**, Plaintiff pro se
PRISON 263906
Northern State Prison
P.O. Box 2300
Newark, N.J. 07114

**SHERIDAN**, District Judge:

Plaintiff Craig Francis Szemple ("Plaintiff"), a prisoner currently confined at Northern State Prison in Newark, New Jersey, has filed the instant civil rights action. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed.

**I. BACKGROUND**

The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff names the following parties as defendants: Correctional Medical Services ("CMS"); University of Medicine and Dentistry of New Jersey, University Correctional Health Care ("UMDNJ/UCHC"); Dr. Abu Ashan; Dr. Wu; Dr. Hochberg; Dr. Talbot; Dr. Acherbe; Dr. Herbert Smyczek; Dr. Herschkowitz; Gary Lanigan; Dr. Richard Cevasco; Thomas Farrell; Michelle Ricci; Eric Stokes; Bruce Hauck; Donald Mee; Cynthis Sweeney; Loillard Inc.; R.J. Reynolds, Inc.; Phillip Morris, Inc.; Brown and Williamson Inc.; American Tobacco Co.; and John and Jane Does 1-10.

Plaintiff alleges that he was placed in the custody and care of the New Jersey Department of Corrections in or around 1994. (Compl. ¶ 27.) At that time, Plaintiff was placed in New Jersey State Prison, where he was consistently exposed to second and third hand smoke. (*Id.*) Plaintiff alleges that the exposure caused him to suffer from Severe Coronary Artery Disease, which required open heart surgery. (*Id.*) Plaintiff states that in 2001, "after almost dying as a result of being exposed," Plaintiff was asked by the defendants whether he smoked or had ever smoked. (*Id.*) Plaintiff alleges that "the defendants could of [sic], but refused to place plaintiff in a single man cell away from smokers." (*Id.*) According to the complaint, Plaintiff's diagnosis of an irregular heartbeat should have been a "prime indicator for any doctor worth his salt" and the failure to schedule Plaintiff for an appointment with a cardiologist was due to deliberate indifference. (*Id.*)

In May 2010, Plaintiff re-entered New Jersey State Prison after spending approximately two years in East Jersey State Prison and approximately eighteen months at Northern State Prison. (*Id.* at ¶ 29.) During the time Plaintiff spent at East Jersey and Northern State prisons, he was placed in cells with other men who smoked non-stop. (*Id.*) When Plaintiff was housed at New Jersey State Prison in 2009 and 2010, he was also forced to be confined in a wing where he was

"doubled locked" with six consecutive smokers, despite Plaintiff's written and verbal complaints. (*Id.*) Plaintiff alleges that even though the Department of Corrections had a rule forbidding smoking inside the buildings, that rule was rarely, if ever, enforced. (*Id.*) Plaintiff alleges that due to the exposure and lack of medical care, he has "lost cardiac function, is plagued with loss of weight and muscle, and was forced to undergo open heart surgery, and multiple subsequent angiograms." (*Id.*) Plaintiff is seeking compensatory and punitive damages and injunctive relief.

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915A because Plaintiff is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To

3

survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S.

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

**1. Merits of the Complaint**

It appears that Plaintiff is raising the following federal claims: (1) deliberate indifference to his medical needs; (2) failure to train/supervise; and (3) conspiracy under 42 U.S.C. §§ 1985, 1986. However, he has failed to plead sufficient facts under *Iqbal* to allow any of these claims to proceed.

For the purposes of Eighth Amendment challenges asserting denial of medical care, the court must determine whether the asserted facts show: "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *see also Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990); *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). The *Estelle* test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. *See Natale*, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994). An inmate's disagreement with medical professionals "as to the proper medical treatment" does not support an Eighth Amendment violation. *Monmouth Cnty. Corr. Inst. Inmates*, 834 F.2d at 346. "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which]

remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. *Estelle*, 429 U.S. at 105–06; *White*, 897 F.3d at 110.

Here, Plaintiff provides virtually no details regarding any denial of medical treatment. He provides a list of his various ailments, however he does not provide any specific instances where he sought medical attention and was denied. Plaintiff generally alleges that Defendants should have discovered his heart problems sooner and referred him to a specialist, but he provides no facts in support of that general statement. He also does not allege any actions by any specific Defendants. The allegations of the complaint regarding his Eighth Amendment medical claim fall far short of the requirements under *Iqbal*.

With regard to his apparent failure to train/supervise allegations, Plaintiff has failed to state a claim. Where a need for "more or different training ... is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train ... can fairly be said to represent official policy," *City of Canton v. Harris*, 489 U.S. 378, 390 (1989), and that failure to train "actually causes injury," a supervisor or municipality may be held liable, *Id.* Similarly, a supervisor or municipality may be liable for failure to supervise, "only if it reflects a policy of deliberate indifference to constitutional rights." *Jewell v. Ridley Twp.*, No. 11–4231, 2012 WL 4096259, at *3 (3d Cir. Sept. 19, 2012) (citing *Montgomery v. DeSimone*, 159 F.3d 120, 126–27 (3d Cir. 1998)). Here, however, Plaintiff fails to state a claim for a constitutional injury; thus, he fails to state a claim for failure to train or supervise. Moreover, as with his other claims, Plaintiff provides no specific facts or allegations to support this claim.

Plaintiff also fails to allege sufficient facts to sustain a claim under 42 U.S.C. §§ 1985 and 1986. The elements of a § 1985(3) claim are "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (internal quotations and citations omitted). To state a claim under § 1986, a plaintiff must show: "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." *Clack v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994).

Plaintiff has alleged no facts to support a claim for a conspiracy. He simply states in a conclusory manner that Defendants conspired to deprive him of his rights. Therefore, all conspiracy claims are dismissed, as well as the claim pursuant to § 1986. *See Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980) (a claim under § 1986 cannot survive without a valid § 1985(3) claim).

**2. Statute of Limitations**

Even if Plaintiff had pled sufficient facts to support his claims, the complaint still appears to be time-barred. Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss *sua sponte* a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint. *See*, *e.g* ., *Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's general or residual statute of limitations for such actions. *See Owens v. Okure*, 488 U.S. 235 (1989) (cited in *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (same). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14–2, governs Plaintiff's claims. *See Dique v. New Jersey State Police*, 603 F .3d 181, 185 (3d Cir. 2010) (citing *Montgomery v. DeSimone*, 159 F .3d 120, 126 & n. 4 (3d Cir. 1998) and *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989)). Under N.J. Stat. Ann. § 2A:14–2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. *Cito*, 892 F.2d at 25; *accord Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388. A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of his action." *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982). *See also Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 (3d Cir. 1994). "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." *Fassnacht v. United States*, 1996 WL 41621 (E.D.Pa. Feb. 2, 1996) (citing *Oshiver*, 38 F.3d at 1386).

Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application. *Wilson*, 471 U.S. at 269. New Jersey statutes set forth certain bases for "statutory tolling." *See*, *e.g.*, N.J.S.A. § 2A:14–21 (detailing tolling because of minority or

insanity); N.J.S.A. § 2A 14–22 (detailing tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. *See Freeman v. State*, 347 N.J.Super. 11, 31 (citations omitted). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.*

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. *See Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

*Id.* n. 9.

Based on these statute of limitations principles, Plaintiff's complaint is time-barred. All of the dates provided by Plaintiff indicate that he knew about his medical condition and alleged lack of medical care, at the earliest, in 2001, and, at the latest, in 2010. Plaintiff signed the Complaint on January 20, 2013 and therefore even if this Court were to give Plaintiff the benefit that his claims did not accrue until 2010, the complaint would still be timebarred. Moreover, Plaintiff has failed to allege any facts suggesting a basis for tolling under N.J.S.A. § 2A:14–21, 2A:14–2, or any

9

other equitable ground. Accordingly, in addition to failing to provide sufficient facts under *Iqbal*, the complaint would also be dismissed as untimely.

## III. CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).[2] However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[3] An appropriate order follows.

Dated: January 27, 2014

        *s/Peter G. Sheridan*
        PETER G. SHERIDAN, U.S.D.J.

---

[2] Plaintiff alleges several state law claims based on the same facts as the federal claims. Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim. The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted). As no such extraordinary circumstances appear to be present, this Court will dismiss the state law claims without prejudice.

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*