**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG FRANCIS SZEMPLE, | : |
| Plaintiff, | : Civil Action No. 13-1058 (PGS) |
| v. | : **MEMORANDUM OPINION** |
| CORR. MED. SERV. INC., et al., | : |
| Defendants. | : |

IT APPEARING THAT:

1. On February 19, 2013, Plaintiff Craig Francis Szemple ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 alleging claims for: (1) deliberate indifference to his medical needs; (2) failure to train/supervise; and (3) conspiracy under 42 U.S.C. §§ 1985, 1986. (ECF No. 1.) On January 28, 2014, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A and dismissed it in its entirety for failure to plead sufficient facts under *Iqbal*, as well as the fact that the claims appeared to be timebarred. (ECF Nos. 5-6.) The Court granted Plaintiff 30 days within which to file an amended complaint. (*Id.*)

2. On February 27, 2015, nearly one year and 30 days after this Court entered its Opinion and Order, Plaintiff filed an Amended Complaint. (ECF No. 7.) Plaintiff did not address the fact that he filed his Complaint an entire year beyond the deadline set forth by this Court; in fact, for unknown reasons, he specifically states that the Court's Opinion and Order were entered on January 28, 2015 instead of the actual date, January 28, 2014. (Pl.'s Decl. ¶ 1, ECF No. 7-1.)

3. In his Amended Complaint, Plaintiff alleges that he was placed in the custody and care of the New Jersey Department of Corrections ("NJDOC") in 1994. (Am. Compl. ¶ 15.) Between

1994 and the present, Plaintiff has been transferred to various facilities under the control of the NJDOC, including New Jersey State Prison, East Jersey State Prison, Northern State Prison and South Woods State Prison ("SWSP"). (*Id.* at ¶ 16.) Plaintiff alleges that all of those facilities, including SWSP, where he is currently incarcerated, purchase, sell and dispense tobacco products for use by prisoners and staff. (*Id.* at ¶ 17.)

While in custody, Plaintiff states that he was diagnosed with coronary artery disease, which required open heart surgery. (*Id.* at ¶ 19.) As a result of his condition, Plaintiff was advised by medical staff not to smoke tobacco products and to avoid any exposure to environmental tobacco smoke ("ETS.") (*Id.*) Between March 2010 and the present, Plaintiff alleges that he has been sickened and his medical condition has been exacerbated as a result of being involuntarily exposed to ETS from fellow prisoners as well as by prison staff working in NJDOC facilities. (*Id.* at ¶ 20.) As a direct result of his prolonged exposure to ETS, Plaintiff has suffered and continues to suffer debilitating symptoms, including nausea, dizziness, shortness of breath, the inability to breathe with associated panic, abnormal and irregular heartbeats, emotional distress, and the gradual the loss of forty percent of the functional capacity of his heart. (*Id.*)

4. In his Amended Complaint, Plaintiff raises the following claims: (1) Eighth Amendment deliberate indifference claim against Defendants Lanigan, Ricci, Stokes, Hauck, Mee and Sweeney based on Plaintiff's exposure to ETS; and (2) state law claim for negligent failure to supervise and train against Defendant Lanigan. To state a civil right claim based on involuntary exposure to ETS, Plaintiff must show that: (a) "he himself [was] exposed to unreasonably high levels of ETS," *Helling v. McKinney*, 509 U.S. 25, 35 (1993); (b) "the risk of which he complains [was] not one that today's society chooses to tolerate," *id.* at 36; and (c) certain identified defendants were deliberately indifferent to the serious risk to Plaintiff's future health from such

2

exposure. *See id.* at 35–36; *see also Ford v. Mercer C'ty Corr. Center*, 171 F. App'x 416 (3d Cir. 2006); *Atkinson v. Taylor*, 316 F.3d 257, 262 (3d Cir. 2003).

5. As with his initial Complaint, Plaintiff has failed to provide sufficient factual matter to allow this claim to proceed. Plaintiff generally alleges that he has been housed in various NJDOC facilities from 1994 until the present which allow prisoners to purchase tobacco products, but he provides no details. He does not provide any information about the times and dates when he was housed at each facility, nor does he identify with any specificity how he was exposed to secondhand smoke at these prisons. Rather, he simply states that he has been exposed to secondhand smoke from 2010 until the present and it has affected his health.

6. Plaintiff does allege that between March 2010 and the present, Plaintiff was repeatedly and involuntarily forced to double cell with prisoners who smoked, but he again provides no specifics. He does not identify when or at which facilities this occurred, whether the cellmates were actually smoking in the cells, or for how long he was forced to be exposed to secondhand smoke from his cellmates. Similarly, he states that he "repeatedly" complained to Defendants Ricci, Stokes, Hauck, Mee, Sweeney and Lanigan, but does not give any further information as to when and how he made such complaints.

7. Therefore, the Court will dismiss Plaintiff's Eighth Amendment claim for failure to provide sufficient factual matter under *Iqbal*.[1] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court will also decline to exercise jurisdiction over the state law claim for failure to train/supervise claim. Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all

---

[1] At this juncture, the Court makes no finding as to the timeliness of Plaintiff's claims, including the effect, if any, of Plaintiff filing his Amended Complaint one year after the expiration of the 30 day period the Court had previously granted him.

3

claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim. The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted). As no such extraordinary circumstances appear to be present, this Court will dismiss the state law claims without prejudice.

However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file a second amended complaint.[2] An appropriate order follows.

Dated: 9/8/15

Peter G. Sheridan, U.S.D.J.

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*